UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 11-20129

SCOTT WILLIAM SUTHERLAND,

    Defendant.
_____/

**ORDER DENYING DEFENDANTS' "MOTION FOR BILL OF PARTICULARS" AND "MOTION TO STRIKE SURPLUSAGE"**

Before the court are two motions filed by Defendant Scott William Sutherland: a "Motion for Bill of Particulars," to which twenty-one Defendants joined, and "Motion to Strike Surplusage," to which nine Defendants joined. The Government opposes both motions. The court will deny the motions.

### A. Defendant's Motion for a Bill of Particulars

The decision to order a bill of particulars is within the sound discretion of the trial court. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citing *United States v. Mahar*, 801 F.2d 1477, 1503 (6th Cir.1986)). According to Federal Rule of Criminal Procedure 7:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). Defendants assert that a bill of particulars is necessary with respect to the RICO conspiracy allegations found in Count 1 and the narcotics

conspiracy found in Count 3 of the Third Superseding Indictment. The Sixth Circuit has stated:

> The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976) (citing *United States v. Haskins*, 345 F.2d 111 (6th Cir. 1965)). Defendants argue that the allegations in Counts 1 and 3 cover a period of approximately twenty years and, absent a bill of particulars, the Government's case in chief would be a trial by ambush.

The court disagrees. Having reviewed the indictment, the court finds that it contains information sufficient to allow Defendants to prepare their defense. A bill of particular is "not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375 (citations omitted). Further, a defendant is not entitled to discover all the overt acts that might be proven at trial. *Id.* Here, Counts 1 and 3 set forth a detailed description of the Government's allegations against Defendants. Moreover, the charging instrument has been buttressed though the abundant discovery which has been electronically provided to Defendants. *See United States v. Piccolo*, 723 F.2d 1234, 1240 (6th Cir. 1983) (holding no bill of particulars was necessary in light of the "extensive discovery" given to the defendant). The Government has provided Defendants with more than sufficient information to prepare for trial. No bill of particulars is warranted.

## B. Defendant's Motion to Strike Surplusage

"Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). The decision whether to strike surplusage rests entirely within the sound discretion of the trial court. *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974). The court should strike information that is *both* nonessential *and* prejudicial. *Id.*

Here, Defendants seek to strike Paragraphs 65 and 66 from the Third Superceding Indictment. Paragraph 65 refers to a Devil's Disciples Motorcycle Club ("DDMC") member possessing law enforcement reports relating to Defendant Sutherland's prior firearm's conviction, and Paragraph 66 refers to a DDMC member possessing police reports relating to Defendant Sutherland's alleged involvement in a double murder, and newspaper articles regarding prosecutions against members of the DDMC. Both paragraphs assert that these documents were maintained in the possession of other DDMC members. Defendants argue that the mere possession of these documents is not essential to the Government's case, and could instead serve to prejudice the jury.

In response, the Government explains that these factual allegations are directly relevant to the RICO conspiracy, in that they go to the "existence of the DDMC's criminal enterprise, Sutherland's association with the DDMC, and predicate RICO acts." (Dkt. # 855, Pg ID 3787.) The Government states that it intends to prove that one of the primary purposes of the DDMC was to "protect its members from detection and prosecution by law enforcement." (Dkt. # 855, Pg. ID 3788.) According to the Government, the criminal investigation information identified in these two paragraphs is

3

directly relevant to the Government's case and cannot be considered prejudicial because it is part of allegations regarding the criminal conspiracy; i.e., a component of the Racketeering activity itself, the Government alleges, was the collection, maintenance, and "nefarious uses" of investigative reports just such as these. DDMC members would maintain and study such reports to, *e.g.*, identify cooperating members and other witnesses. Witnesses were intimidated, perjury was suborned, and investigations were interfered with. *Id.*

The court is persuaded that the pertinent paragraphs do not constitute surplusage, because the information is neither nonessential nor unfairly prejudicial in the context of the massive quantity of proofs the Government has committed to present. Defendants' motion will therefore be denied. Counsel for Defendants are encouraged nonetheless to seek agreement from the Government on an appropriate cautionary instruction that wold accompany the introduction of evidence relating to either or both of the subject paragraphs.

## C. Conclusion

IT IS ORDERED that Defendants' "Motion for Bill of Particulars" [Dkt. # 755] is DENIED.

IT IS FURTHER ORDERED that Defendants' "Motion to Strike Surplusage" [Dkt. # 756] is DENIED.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 22, 2014, by electronic and/or ordinary mail.

                                                  S/Lisa Wagner
                                               Case Manager and Deputy Clerk
                                               (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\11-20129.SUTHERLAND.SurplusageBillofParticulars.RHC.wpd