UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 11-20129

SCOTT WILLIAM SUTHERLAND,

    Defendant.
_____/

**ORDER DENYING DEFENDANTS' "MOTION FOR GOVERNMENT AGENTS AND LAW ENFORCEMENT OFFICERS TO RETAIN ROUGH NOTES AND FOR PRODUCTION BEFORE TRIAL" AND DENYING DEFENDANT MCKEOUN'S "MOTION FOR DISCOVERY AND BRADY MATERIALS"**

Before the court is Defendant Scott William Sutherland's "Motion for Government Agents and Law Enforcement Officers to Retain Rough Notes and for Production before Trial." Twenty-three defendants joined in this motion, and the Government opposes the motion. The court will deny the motion, and will also deny a similar motion brought by Defendant McKeoun.

Defendants request that the court enter an order "requiring any and all government agents, and law enforcement officers who have investigated the charges in this case, to retain and preserve all rough notes, rough drafts, tape recordings, memoranda and worksheets taken as part of their investigation" and, further, to order that these materials be produced to Defendants before trial. (Dkt. # 752, Pg ID 3081.) Defendants rely primarily on the Jencks Act, 18 U.S.C. § 3500 to make their request. However, there is nothing in Jencks which would require the broad relief which Defendants seek. Defendants assert that this motion is an "attempt to avoide the

necessity for a factual determination of whether such notes were destroyed in good faith," by requiring that all law enforcement agents retain such notes. (Dkt. # 752, Pg ID 3088.)

Defendants' motion is premature and, additionally, without merit. First, there has been no showing that any such notes have been destroyed or are in danger of being destroyed. Second, there has been no showing that any such notes qualify as Jencks Act material. Third, it appears the motion is moot, as the Government asserts that it has instructed the case agent to remind all law enforcement personnel to retain their relevant notes.[1] Fourth, since the time the motion has been filed, the Government has made a mass production of Jencks material. Finally, the plain language of the Jencks Act requires production of relevant material *after* the completion of direct examination of the witness at trial. See 18 U.S.C. § 3500(b). Here, not only is the court persuaded that the Government is aware of its existing, largely self-regulated, discovery obligations, but also, from the court's perspective, the Government has gone beyond its mandatory obligations by producing large amounts of discovery voluntarily well in advance of trial.

Moreover, to the extent that Defendants argue this material must be produced under *Brady* or *Giglio*, here, too the court finds the request is inappropriate. In *Brady*, the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

---

[1]The court also notes that the Sixth Circuit "has held that routine destruction of interview notes after preparation of a full 302 Report [does] not violate either the Jencks Act, 18 U.S.C. § 3500, or . . . *Brady*." *United States v. McCallie*, 554 F.2d 770, 773 (6th Cir. 1977) (citations omitted).

373 U.S at 87. "When the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within this general rule. *Giglio*, 405 U.S. at 154 (citation omitted). However, "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Rather, "in most criminal prosecutions, the *Brady* rule, Rule 16 and the Jencks Act, exhaust the universe of discovery to which the defendant is entitled." *United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988). "[W]hile the *Brady* rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, the government typically is the sole judge of what evidence in its possession is subject to disclosure." *Presser*, 844 F.2d at 1281. When a defendant makes a request for *Brady* material, it is the Government "that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, *the prosecutor's decision on disclosure is final*." *Pennsylvania v. Ritchie,* 480 U.S. 39, 59-60 (1987) (citations omitted) (emphasis added)(footnote omitted). There is no evidence that the Government has withheld *Brady* material. Thus, *Brady* provides no basis for Defendants' request. *Brady v. Maryland*, 373 U.S. 83 (1963) or *Giglio v. United States*, 405 U.S. 150 (1972).[2]

---

[2]Defendants have recently filed a renewed motion to compel *Brady* and *Giglio* material, to which the Government has not yet responded. The court will reserve ruling on that motion until the Government has been heard.

For similar reasons, the court will deny Defendant McKeoun's motion for discovery. The court is not persuaded, at this point, that any mandatory discovery has been withheld from Defendant McKeoun. Accordingly,

IT IS ORDERED that Defendants "Motion for Government Agents and Law Enforcement Officers to Retain Rough Notes and for Production before Trial" [Dkt. # 752] is DENIED.

IT IS FURTHER ORDERED that Defendant McKeoun's "Motion for Discovery and Brady Materials" [Dkt. # 768] is DENIED.

     S/Robert H. Cleland
     ROBERT H. CLELAND
     UNITED STATES DISTRICT JUDGE

Dated:  September 22, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 22, 2014, by electronic and/or ordinary mail.

     S/Lisa Wagner
     Case Manager and Deputy Clerk
     (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\11-20129.SUTHERLAND.RoughNotes.wpd