UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 11-20129

SCOTT WILLIAM SUTHERLAND,

    Defendant.
_____/

**ORDER DENYING DEFENDANTS' "MOTION FOR A WRITTEN PROFFER AND HEARING ON ADMISSIBILITY OF CO-CONSPIRATORS' STATEMENTS"**

Before the court is Defendant Scott William Sutherland's "Motion for a Written Proffer and Hearing on Admissibility of Co-Conspirators' Statements Under FRE 801(d)." Twenty-three defendants joined in this motion, and the Government opposes the motion. In their motion, Defendants asks that the Government produce a written proffer setting forth the basis for admission of co-conspirator statements under Federal Rule of Evidence 104(a), and further requests that the court conduce a "mini-hearing" on this issue in advance of trial. Defendants acknowledge that the trial judge is afforded "considerable discretion in controlling the mode and order of proof at trial," *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979), and correctly identify the mini-hearing as one of several options the court has in determining the admissibility of co-conspirator statements. In this case, however, the court finds the mini-hearing method would amount to conducting a trial in advance of the trial, be substantially burdensome on the parties and the court, and result in an uneconomical use of time; further, it could lead to the possibility of witness tampering or intimidation, events which, as the

government announced on the record September 19, may have already occurred. The court will deny Defendants' request for a "mini-hearing."

Instead, the court intends to adopt a different approached endorsed by the Sixth Circuit in *Vinson:*

> The judge may also, as was done here, admit the hearsay statements subject to later demonstration of their admissibility by a preponderance of the evidence. If this practice is followed, the court should stress to counsel that the statements are admitted subject to defendant's continuing objection and that the prosecution will be required to show by a preponderance of the evidence that a conspiracy existed, that the defendant against whom the statements are hearsay was a participant and that the statement was made in the course and in furtherance thereof. At the conclusion of the government's case-in-chief, the court should rule on the defendant's hearsay objection. If the court finds that the government has met the burden of proof described in *Enright*,[1] it should overrule the objection and let all the evidence, hearsay included, go to the jury, subject, of course, to instructions regarding the government's ultimate burden of proof beyond a reasonable doubt and the weight and credibility to be given to co-conspirators' statements. If, on the other hand, the court finds that the government has failed to carry its burden, it should, on defendant's motion, declare a mistrial unless convinced that a cautionary jury instruction would shield the defendant from prejudice*.*

*Id.* at 153. Under the specific circumstances of this complicated trial, the court finds this procedure would be more efficient and would also protect Defendants' rights. The court is persuaded that it can address Defendants concerns through use of appropriate jury instructions. Accordingly,

---

[1] Under *Enright,* the Government must show by a preponderance of the evidence that "(1) that the conspiracy existed; (2) that the defendant was a member of the conspiracy; and (3) that the co-conspirator's statements were made in furtherance of the conspiracy." *United States v. Wilson*, 168 F.3d 916, 920-21 (6th Cir. 1999) (citing *United State v. Monus*, 128 F.3d 376, 392 (6th Cir.1997)*; United States v. Enright*, 579 F.2d 980, 986-87 (6th Cir. 1978)).

IT IS ORDERED that Defendants "Motion for a Written Proffer and Hearing on Admissibility of Co-Conspirators' Statements Under FRE 801(d)" [Dkt. # 753] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 22, 2014, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\11-20129.SUTHERLAND.CoConspirators.wpd