UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

          Plaintiff,

v().

                                               Case No. 11-20129

RONALD RAYMOND ROBERTS,

          Defendant.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE FROM CUSTODY**

Defendant Ronald Raymond Roberts pleaded guilty to Racketeer Influenced Corrupt Organization ("RICO") conspiracy, 18 U.S.C. §§ 1962(d) and 1963(a). (ECF No. 1954, PageID.29750.) On August 10, 2016, the court sentenced Defendant to 144 months imprisonment. (*Id.*, PageID.29751.) His projected release date is in June 2021. (ECF No. 2529, PageID.42556.)

Defendant has filed a "Motion for Compassionate Release from Custody." (ECF No. 2524.) He asserts that he would have been placed in a halfway house but for the outbreak of the Coronavirus Disease (COVID-19) and asks the court to release him to home confinement. (ECF No. 2524, PageID.42526.) The government has filed a response. (ECF No. 2529.) The court has reviewed the record and will deny Defendant's motion without prejudice.

There are two procedures by which the court may hear motions for compassionate release. First, the BOP can move for compassionate release. 18 U.S.C.

§ 3582(c)(1)(A). That procedure is not applicable here. The BOP did not move for or endorse Defendant's release.

Second, after the passage of the First Step Act in 2018, Defendant can file a motion on his own. 18 U.S.C. § 3582(c)(1)(A). However, he may do so only "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [Defendant's] facility, whichever is earlier." *Id.*

Defendant does not present evidence, nor does he allege, that he filed a request for compassionate release with the BOP. There is no indication he waited thirty days after filing a request or exhausted administrative remedies before filing his motion.

Defendant's claim is not ripe. The plain text of 18 U.S.C. § 3582(c)(1)(A) states that Defendant must either exhaust all administrative appeals or wait thirty days before filing a motion for compassionate release; Defendant has done neither. *Grand Trunk W. R.R. Co. v. U.S. Dep't of Labor*, 875 F.3d 821, 824 (6th Cir. 2017) (quoting *King v. Burwell*, 135 S. Ct. 2480, 2489 (2015)) ("If the statutory language is plain, we must enforce it according to its terms."). Defendant's motion fails for lack of exhaustion. *United States v. Alam*, --- F.3d ----, Case No. 20-1298, 2020 WL 2845694, at *3 (6th Cir. June 2, 2020) (Section 3582(c)(1)(A)'s exhaustion requirement is a "mandatory claim-processing rule[]" that "must be enforced."). Accordingly,

IT IS ORDERED that Defendant's "Motion for Compassionate Release from Custody" (ECF No. 2524) is DENIED WITHOUT PREJUDICE.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 22, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 22, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner               /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\11-20129.ROBERTS.MotionforCompassionateReleasefromCustody.RMK.2.docx

3